UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Ronald Pierce**, # 56544-066, | ) | **C/A No. 3:06-1851-GRA-JRM** |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **Michael Pettiford**, Warden of FCI-Bennettsville, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

# *Background of this Case*

The petitioner is a federal inmate at FCI-Bennettsville. He has submitted a habeas corpus action under 28 U.S.C. § 2241. In an order (Entry No. 4) filed in this case on June 23, 2006, the undersigned directed the petitioner to answer Special Interrogatories (relating to exhaustion of administrative remedies in the Federal Bureau of Prisons) and to submit a Form AO 240 (motion to proceed *in forma pauperis*) or pay the five-dollar ($5) filing fee. The petitioner has submitted a motion to proceed *in forma pauperis* (Entry No. 6) and has submitted his Answers to the Court's Special Interrogatories (Entry No. 5).

This case concerns the petitioner's request to be on "home confinement." The petitioner commenced an Administrative Remedy (#413208-F1) on April 25, 2006, to which Warden Pettiford responded on May 24, 2006. The petitioner's Answers to the Court's Special Interrogatories (Entry No. 5) reveal that the petitioner took no steps to appeal the determination by the Warden after the denial of his request on May 24, 2006.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* petition and the petitioner's Answers to Court's Special Interrogatories pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989);

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).   When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 2241 petition in the above-captioned case is subject to summary dismissal because the

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

petitioner has not exhausted his available administrative remedies in the Federal Bureau of Prisons. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The petitioner's Answers to the Court's Special Interrogatories (Entry No. 5) reveal that the petitioner did not undertake further appeals after his initial administrative remedy was denied on May 24, 2006. Hence, this case is subject to summary dismissal for failure to exhaust prison remedies. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

4

The Administrative Procedures Act, which is codified at 5 U.S.C. § 554 *et seq.*, and at 5 U.S.C. § 701 *et seq.*, is *not* applicable to inmates of the Federal Bureau of Prisons. *See* 18 U.S.C. § 3625. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in <u>Williams v. O'Brien</u>, 792 F.2d 986, 987, 1986 U.S.App. LEXIS® 25782 (10th Cir. 1986).

Since the petitioner still wants to be transferred to "home confinement," the petitioner should begin anew the process of administratively exhausting his administrative remedies by filing a Form BP-8 (the informal resolution process) and requesting "home confinement." If the petitioner is not satisfied with the informal resolution, he must file a formal grievance with the Warden of his FCI-Bennettsville (using a Form BP-9). *See* 28 C.F.R. § 542.13(b); and <u>Hernandez v. Steward</u>, 1996 U.S.Dist. LEXIS® 18076, 1996 WESTLAW® 707015 (D.Kan., November 27, 1996)(federal prisoners must exhaust prison remedies prior to bringing suit in a federal district court).[3]

_____

[3]In <u>Hernandez v. Steward</u>, the United States District Court for the District of Kansas outlined the procedure for exhausting administrative remedies in the Federal Bureau of Prisons:

> The case comes before the court on the government's motion to
> (continued...)

_____

(...continued)

dismiss for lack of subject matter jurisdiction (Dk. 15), and the government's motion to grant its motion to dismiss as uncontested (Dk. 18). By minute order filed October 23, 1996, (Dk. 20), the court gave the plaintiff until November 15, 1996, to file a response in accordance with D. Kan. Rules 7.1 and 7.6. The court also cautioned the plaintiff that "[i]f a response is not timely filed, the court may consider and decide the defendants' motion to dismiss as an uncontested motion." (Dk. 20). The plaintiff has not filed a response within the time provided.

The defendants seek dismissal arguing the plaintiff has not exhausted the administrative remedies available to inmates confined in correctional facilities operated by the federal Bureau of Prisons. *See* 28 C.F.R. Part 542. The Prison Litigation Reform Act, signed into law on April 26. 1996, Pub. L. No. 104-132, amended 42 U.S.C. § 1997e making it mandatory that a prisoner exhaust his administrative remedies. [FN1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[FN1.  The Prison Litigation Reform Act took effect three days before the plaintiff filed this action.]

In his complaint, the plaintiff declares under penalty of perjury that he exhausted his administrative remedies and that he "filed what they called informal remedy which is BP, 8, 9, and 10 and they never replaid (sic) to" him. (Dk. 2 p. 3). The plaintiff does not attach copies of any forms he says were "filed." The plaintiff's conclusory assertion is not enough to demonstrate exhaustion within the meaning of § 1997e(a).

Under the federal administrative remedy program, the inmate first must submit his "issue of concern informally to staff." 28 C.F.R. § 542.13. If the issue is not resolved informally, the inmate commences the three-tiered administrative remedy procedure by filing a written administrative remedy request (BP-9) with the local institution's administrative staff (Warden). 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may file an appeal (BP-10) with the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may file an appeal (BP-11) with the General Counsel. This is the final administrative appeal provided under the administrative remedy scheme. "An inmate has not fully exhausted his administrative remedies until he has appealed through

(continued...)

Moreover, although the above-captioned case is a habeas corpus action filed pursuant to 28 U.S.C. § 2241, not a civil rights action, exhaustion

_____

(...continued)
> all three levels." *Irwin v. Hawk,* 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert. denied,* 116 S. Ct. 112 (1995).

> The declaration of Robert Bennett, the administrative remedy coordinator at the United States Penitentiary, Leavenworth, Kansas, reveals that all available records of administrative remedy submissions for the plaintiff were searched and that none of the plaintiff's submissions pertained to the issues raised in the instant complaint. Bennett's declaration summarizes the plaintiff's nine different administrative remedy submissions and recounts that all but one of the submissions were rejected on procedural grounds pursuant to 28 C.F.R. § 542.17. Bennett's declaration is supported by computer-generated reports from SENTRY, the computer-based system on which all inmate submissions are permanently recorded.

> Other than the conclusory assertions in the plaintiff's complaint, there is nothing of record to demonstrate that he exhausted the available administrative remedies. The plaintiff's explanation of the steps he took towards exhaustion shows his efforts were incomplete. The plaintiff only refers to his filing of an "informal remedy." Though he lists several "BP" forms, he fails to mention an appeal (BP-11) to the General Counsel. As for his excuse that "they never" replied, the plaintiff was still obligated to pursue all levels of the administrative scheme. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Under these circumstances, the record is devoid of a factual basis for reasonably believing that the plaintiff fully exhausted the administrative remedies available to him under the federal prison system.

> IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and motion to grant its motion to dismiss as uncontested (Dk. 18) are granted, and the case is dismissed without prejudice due to the plaintiff's failure to exhaust administrative remedies before bringing this action.

Hernandez v. Steward, supra, at *1-*2.

7

of available administrative remedies is, nevertheless, required. *See* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241); and Martinez v. Roberts, 804 F.2d 570, 571, 1986 U.S.App. LEXIS® 33713 (9th Cir. 1986).   *See also* Woodford v. Ngo, 2006 U.S. LEXIS® 4891, 2006 WESTLAW® 1698937 (U.S., June 22, 2005)(PLRA requires "proper exhaustion" of administrative remedies).[4]

When the Warden of FCI-Bennettsville has issued a determination on the petitioner's formal grievance, only the first step of the formal administrative process will have been completed. If necessary, the petitioner must appeal the Warden's determination to the Regional Director of the Federal Bureau of Prisons, and, if necessary, to the Office of General Counsel. 28 C.F.R. § 542.15. *See also* Williams v. O'Brien, supra, 792 F.2d at 987.   The petitioner "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. §§ 542.10 through 542.16; and Martinez v. Roberts, supra,

---

[4]Although some case law prior to Woodford v. Ngo, 2006 U.S. LEXIS® 4891, 2006 WESTLAW® 1698937 (U.S., June 22, 2005), excused lack of exhaustion on grounds of futility, it is uncertain that such cases are of continued validity.

804 F.2d at 571 (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because the petitioner has not exhausted his available administrative remedies in the Federal Bureau of Prisons.  *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-

Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention

is directed to the very important notice on the next page.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

July 5, 2006
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
## The *Serious Consequences* of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**