UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald Pierce, #56544-066,<br>                    Petitioner,<br><br>          v.<br><br>Michael Pettiford, Warden of FCI-Bennettsville,<br><br>                    Respondent. | C/A No. 3:06-1851-GRA-JRM<br><br><br>ORDER |

This matter is before this Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed July 5, 2006. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. The magistrate recommends dismissing the petition *without prejudice* and without issuance and service of process because the Petitioner has not exhausted his available administrative remedies in the Federal Bureau of Prisons.

Petitioner is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The

1

recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Petitioner filed an objection on July 14, 2006.

Petitioner's objection states that any further administrative remedies would be futile. The Petitioner sets forth no evidence to support this assertion of futility.

2

Furthermore, the United States Supreme Court has held that "[t]he Prison Litigation Reform Act requires 'proper exhaustion' of administrative remedies." *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). Based on the holding in *Woodford,* the Petitioner's objection is without merit and the Petitioner must exhaust all administrative remedies in the Federal Bureau of Prisons.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Petitioner's habeas corpus petition be DISMISSED *without prejudice* and without issuance and service of process because the Petitioner has not exhausted his available administrative remedies in the Federal Bureau of Prisons.

IT IS SO ORDERED.

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
July 21, 2006.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within sixty

(60) days after the judgment of this Order is entered, pursuant to Rules 3 and 4 of the

Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within

Rule 4, will waive the right to appeal.